**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4104-23

ANGELA M. CAFFERATA,

    Plaintiff-Respondent,

v.

ABDEL M. ABDALLA,

    Defendant-Appellant.

_____

          Submitted February 25, 2026 – Decided May 15, 2026

          Before Judges Gummer and Jacobs.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FD-18-0355-17.

          Abdel M. Abdalla, self-represented appellant.

          Respondent did not file a brief.

PER CURIAM

    Defendant Abdel M. Abdalla appeals from a June 28, 2024 order requiring him to pay thirty-nine percent of unreimbursed child-related expenses. He also

challenges the inclusion of $5,111.99 in his child-support arrears and asks this court to reverse or modify the trial court's child-support order. We affirm.

I.

Plaintiff and defendant, who were never married, share one son, born in 2005. The parties ended their relationship in 2007. Since then, they have engaged in protracted litigation over child support.

Following the parties' 2007 separation, defendant married in 2017 and lives with his wife and their two daughters. According to defendant, his wife has been unemployed since October 2023, making him the household's sole provider. He has repeatedly alleged plaintiff submitted fraudulent bills for their son's extracurricular activities and sought downward modification of his support obligations. On April 28, 2023, Judge Christopher Troxell adjusted defendant's child-support obligations, calculating his share of unreimbursed child-related expenses at thirty-nine percent.

Defendant moved for reconsideration of Judge Troxell's ruling. On June 25, 2024, the parties appeared before Judge Dalya Youssef, who addressed the motion for reconsideration and simultaneously adjudicated plaintiff's cross-application to enforce litigant's rights and modify child support. Defendant sought a $5,111.99 credit, alleging certain billings for child-related activity

A-4104-23

expenses were fraudulent, and requesting a further reduction or elimination of his child-support obligations. He also sought to hold plaintiff responsible for all "exorbitant" child-related expenses over $250 per year.

Following the June 25 hearing, Judge Youssef entered a June 28 order denying defendant's motion. The judge declined to revisit alleged fraudulent bills for child-related expenses, finding those allegations had been addressed in previous motions and an associated criminal investigation against plaintiff. Additionally, the judge found defendant's support obligations for his other children had already been adequately considered in the April 2023 recalculation of defendant's support obligations. Accordingly, the judge granted plaintiff's cross-motion to enforce litigant's rights, adding various unreimbursed expenses to defendant's arrears, including costs for their son's contact lenses, laptop, car insurance, and vehicle maintenance. She determined the automobile expenses constituted college costs, as their son was commuting to college. The judge found no basis to further modify defendant's support obligations.

Defendant timely appealed. Plaintiff did not file a merits brief in opposition. In his merits brief, defendant reiterates his claims of fraudulent billing, changed circumstances, and excessive or unnecessary expenses. He

A-4104-23

argues the court erred in denying him restitution for the $5,111.99 in child-support payments for purportedly fraudulent expenses, stating:

> [t]he court's decision to add $5,111.99 to defendant's arrears was made without proper verification of the billing for [his son]'s extracurricular activities. . . . This lack of verification, coupled with [p]laintiff's conviction, suggests that the arrears were unjustly imposed. The court must either investigate the unverified billing or provide restitution to [d]efendant by crediting the $5,111.99 [back to his child support arrears.]

Defendant further contends plaintiff's criminal conviction in October 2022 for forgery and fictitious billing entitles him to a credit for these amounts. He also asserts the court should have reduced or eliminated his child-support obligations in light of his wife's unemployment and responsibility for two additional children. He challenges the orders requiring him to pay thirty-nine percent of his son's college expenses, car insurance, and contact lens costs, arguing those expenses are unnecessary, excessive, or should be his son's responsibility given his age and employment. Moreover, he contests the court's order for continued child support absent his having been provided his son's academic records.

A-4104-23

## II.

We review a Family Part judge's findings of fact with deference, recognizing the court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 413 (1998). We will not disturb factual findings unless they are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence . . . ." Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Where there is "sufficient credible evidence present in the record[,] . . . [we] should not disturb the result[.] . . ." Beck v. Beck, 86 N.J. 480, 496 (1981) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)). We review legal conclusions de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019).

"The Family Part's 'substantial discretion' in determining child support applies equally to compelling a parent to contribute to their child's college costs." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 588 (App. Div. 2016) (quoting Gotlib v. Gotlib, 399 N.J. Super. 295, 308 (App. Div. 2008)). "We must accept the Family Part's determination concerning a parent's obligation to contribute toward college tuition, provided the factual findings are supported by substantial credible evidence in the record and the judge has

5

not abused his or her discretion." Ibid. (citing Gac v. Gac, 186 N.J. 535, 547 (2006)).

Child-support awards are governed by Rule 5:6A and the child support guidelines in Appendix IX-A. "The guidelines may be modified or disregarded . . . only where good cause is shown." R. 5:6A. The party seeking modification bears the burden of demonstrating changed circumstances warranting an alteration in the prior order. Miller v. Miller, 160 N.J. 408, 420 (1999) (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)). The trial court's decision to modify or deny modification of child support "will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." J.B. v. W.B., 215 N.J. 305, 326 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)).

Having reviewed the record, we discern no abuse of discretion in the trial court's denial of defendant's requests for restitution or further modification of his child support obligations.

Restitution for Alleged Fraudulent Billing

Defendant's claim for a $5,111.99 credit is based on his assertion that plaintiff submitted forged or fictitious bills for Boy Scouts and summer camp, which were added to his child-support arrears. The record reflects plaintiff was

6

criminally prosecuted and convicted for submitting fraudulent tutoring bills. Although a copy of the judgment of conviction is not in the record, the transcript of a December 21, 2020 proceeding before the Family Part indicates a judge credited defendant with $1,300 toward child-support arrears, based on a finding that plaintiff had submitted fraudulent expenses.

In denying defendant's application for further credits, Judge Youssef explained:

> [t]his was already the subject of prior court orders and criminal investigation/charges. The court will not continue to revisit prior orders from years earlier. Further, proofs attached to defendant's certification involve Branchburg Recreation Dep[artment], not Boy Scouts or Branchburg Sports Complex. There is no proof that because the child was involved with one organization that he could not have attended programs at another organization on different days and times.

The record supports the judge's finding that defendant's claims regarding fraudulent billing were previously litigated and credited against arrears and that there was no basis to reopen those orders or grant further credits against arrearages. In this context, Judge Youssef stated:

> THE COURT: I'm dealing with the present. So . . . is [there] anything in the present bills and invoices that you believe are perjury or forgery --
>
> [DEFENDANT]: I haven't seen any.

7

THE COURT:  -- or incorrect?

[DEFENDANT]:  It took me five years to figure that one out.[1]

THE COURT:  I gave you previous authority to contact the Cohens Fashion Optical for the --

[DEFENDANT]:  Well she's returned an order before. I have – they told me that she purchased it and it was returned.  She purchased contact[ lenses] for a whole year['s] worth --

THE COURT:  Not prior, the current ones.

[DEFENDANT]:  Current[,] I haven't been able to check it yet.

From this exchange, we discern defendant was unable to produce proofs regarding post-conviction fraud.  Contrary to defendant's assertion, it is not the court's obligation to "either investigate the [alleged] unverified billing or provide restitution" to the payor.  As the judge later ruled, it is instead for defendant to raise specific allegations supported by proofs—that the judge specifically authorized defendant to access—in connection with any suspected fraudulent expense.  We are therefore satisfied the judge did not abuse her discretion in denying defendant relief.

---

[1]  Defendant's reference to "that one" is not clear to this court.  Presumably, defendant is referring to the fraudulent bills that constituted the basis of the criminal prosecution against plaintiff.

A-4104-23

Modification of Child Support Obligations

The record reflects Judge Troxell recalculated defendant's support obligations in April 2023, taking into account his wife's income and the needs of his two daughters. Judge Youssef found defendant's financial circumstances had not changed since that recalculation and no further modification was warranted.

Judge Youssef's findings are supported by the record. Defendant's wife's unemployment began in October 2023, after the most recent recalculation, but defendant did not present evidence of a substantial change in his own income or ability to pay. See N.J.S.A. 2A:34-23(a). The judge reviewed defendant's financial documents and found his income unchanged. As noted, the judge also found the needs of defendant's other children had already been considered by Judge Troxell in setting the current percentage in his April 2023 order. We perceive no error in these findings.

College Expenses, Car Insurance, and Contact Lenses

Defendant challenges the judge's order requiring him to pay a percentage of his son's college expenses, car insurance, and contact lens costs. In particular, the judge found the car expenses were properly deemed college expenses, as the son was commuting to school. The judge also found defendant's share

concerning all three categories of expense was consistent with previous orders and the child-support guidelines. The judge advised defendant, however, he could challenge specific charges on a particularized basis by adducing proof of fraud or exorbitance.

The judge's legal conclusions are supported by the record and applicable law. See Jacoby, 427 N.J. Super. at 113, 120 ("there is no presumption that a child's required financial support lessens because he or she attends college[;]" the guidelines may be applied to students over eighteen who commute to college) (quoting Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, App. IX-A to R. 5:6A, at 2513-14 (2012)). See also Avelino-Catabran, 445 N.J. Super. at 588.

In sum, we conclude Judge Youssef's findings are supported by adequate, substantial, credible evidence in the record. See Avelino-Catabran, 445 N.J. Super. at 588. The judge carefully considered the parties' financial circumstances, the needs of the child, and the applicable law. Defendant has not demonstrated the court's orders were manifestly unreasonable, arbitrary, or unsupported by the evidence. See J.B., 215 N.J. at 326.

To the extent we have not specifically addressed any of defendant's remaining arguments, they "are without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division